NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DARION BRYANT, *Petitioner*.

No. 1 CA-CR 25-0387 PRPC

FILED 01-28-2026

Petition for Review from the Superior Court in Maricopa County
No. CR2023-008446-001
The Honorable Monica Edelstein, Judge

**REVIEW GRANTED; RELIEF DENIED**

APPEARANCES

Darion Bryant, Phoenix
*Petitioner*

---

## MEMORANDUM DECISION

Judge D. Steven Williams delivered the Court's decision, in which Presiding Judge Daniel J. Kiley and Judge Cynthia J. Bailey joined.

---

**W I L L I A M S**, Judge:

**¶1**　　　　Petitioner Darion Bryant seeks review of the superior court's order dismissing his petition for post-conviction relief ("PCR") under Arizona Rule of Criminal Procedure ("Rule") 33. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**　　　　The State charged Bryant with five counts of sexual conduct with a minor, Class 6 felonies, alleging he intentionally or knowingly engaged in sexual intercourse or oral sexual contact with a minor victim fifteen years of age or older. After a settlement conference, Bryant pled guilty to one count of sexual conduct with a minor, a Class 6 undesignated offense. As part of the plea agreement, the State dismissed the other four counts. Subject to court approval, the plea agreement also established the sentence: "[Bryant] shall be placed on no less than 5 years supervised probation with all sex terms."

**¶3**　　　　At the January 13, 2025 sentencing hearing, the superior court placed Bryant on supervised probation for a period of 5 years and ordered him to comply with all sex offender terms. On April 1, 2025, upon Bryant's motion, the court entered a *nunc pro tunc* order correcting the sentencing order "to reflect that [Bryant] is allowed to have contact with his minor son."

**¶4**　　　　On July 15, 2025, Bryant petitioned for PCR, asserting, among other things, due process violations, pre-indictment delay, loss or destruction of evidence, and ineffective assistance of counsel. The superior court found Bryant's petition untimely and his claims without merit. Accordingly, the court dismissed Bryant's petition.

**¶5**　　　　Bryant petitioned this Court for review. We grant review under Article 6, Section 9, of the Arizona Constitution, A.R.S. § 13-4239(C), and Rule 33.16.

**DISCUSSION**

¶6        We review the superior court's denial of a PCR petition for an abuse of discretion. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012). "An abuse of discretion occurs if the PCR court makes an error of law or fails to adequately investigate the facts necessary to support its decision." *State v. Pandeli*, 242 Ariz. 175, 180, ¶ 4 (2017). The petitioner bears the burden of establishing such abuse. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011).

¶7        On review, Bryant argues the State failed to timely notify him he was the subject of an investigation, and by the time he received such notice, significant evidence had been lost or destroyed. He also contends the State provided him with discovery materials on a damaged, inaccessible disc.

¶8        As found by the superior court, Bryant untimely filed his petition for PCR. A defendant must file a notice requesting PCR within 90 days of sentencing. Ariz. R. Crim. P. 33.4(b)(3)(A) ("A defendant must file the notice for a claim under Rule 33.1(a) within 90 days after the oral pronouncement of sentence."); *see also* A.R.S. § 13-4234(G) ("The time limits are jurisdictional, and an untimely filed notice or petition shall be dismissed with prejudice.").

¶9        In this case, the superior court sentenced Bryant on January 13, 2025, and issued a *nunc pro tunc* order correcting the original sentence on April 1, 2025. Even using the later date, the petition for PCR, filed on July 15, 2025, without prior notice, was untimely. Equally important, Bryant has not asserted any reasonable basis to excuse the delay. Ariz. R. Crim. P. 33.4(b)(3)(D) (requiring the court to "excuse an untimely notice requesting post-conviction relief . . . if the defendant adequately explains why the failure to timely file a notice was not the defendant's fault"); *see also State v. Bigger*, 251 Ariz. 402, 412–13, ¶¶ 32–37 (2021) (recognizing A.R.S. § 13-4234(G) deprives a court of jurisdiction to "hear untimely petitions" but holding the statute unconstitutional insofar as it "withdraw[s] a court's power" when a "delay is not attributable to the defendant").

¶10        Because Bryant untimely filed his PCR petition and failed to meet his burden of demonstrating excusable non-compliance with Rule 33's time limitations, we lack jurisdiction to address the issues raised in his petition for review. We note, however, that "[b]y entering a guilty plea, a defendant waives all non-jurisdictional defects and defenses, including claims of ineffective assistance of counsel, except those that relate to the

validity of [his] plea." *State v. Leyva*, 241 Ariz. 521, 527,¶ 18 (App. 2017) (citation modified). Accordingly, on review, and with respect to a conviction, the only relevant inquiry is whether a defendant knowingly, intelligently, and voluntarily entered the plea agreement. Here, Bryant expressly waived "any and all motions, defenses, objections, or requests" as part of the plea agreement, and he has not contested his mental fitness or otherwise argued his decision to plead guilty was involuntary or coerced. Therefore, Bryant has failed to show the superior court abused its discretion by dismissing his PCR petition.

**CONCLUSION**

¶11        We grant review but deny relief.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:              JR